FRANCISCO PADÍN, demandante y recurrido, *v.* CELSO ROSSI, ATLANTIC INSURANCE UNDERWRITERS OF SAN JUAN, INC., ET AL., demandados y recurrente la segunda.

*Número:* R-70-323        *Resuelto:* 22 de noviembre de 1971

*Segurola & Montalvo,* abogados de Atlantic Insurance Underwriters of San Juan, Inc.; *Vivas, Martínez-Texidor & Limeres,* abogados de Commercial Insurance Company.

El Juez Asociado Señor Torres Rigual emitió la opinión del Tribunal.

El presente caso plantea una cuestión sencilla pero como nunca ha sido resuelta por este Tribunal es propio que la tratemos en una breve opinión para beneficio no sólo de las partes sino del foro en general. ¿Puede el tribunal sentenciador al dictar una sentencia sumaria tomar en consideración admisiones y hechos que propiamente no formaban parte de la solicitud de sentencia sumaria en cuestión pero que surgían de otra moción de sentencia sumaria solicitada contra otra parte en el mismo pleito? Resolvemos afirmativamente la cuestión.

—I—

Es necesario una breve relación de los hechos para que se comprenda el planteamiento así como nuestra decisión.

Francisco Padín incoó demanda contra Celso Rossi, Atlantic Insurance Underwriters of San Juan, Inc., y Commercial Insurance Company reclamándoles daños y perjuicios por la pérdida de un avión de su propiedad. Alegó que a la fecha de la ocurrencia de la pérdida, el 25 de noviembre de 1966, dicho avión estaba asegurado con la co-demandada Commercial y, en la alternativa, que Rossi y Atlantic le eran responsable por haber éstos asumido la responsabilidad de que el avión estuviere asegurado con anterioridad al 25 de noviembre de 1966. Commercial negó haber expedido cubierta para el 25 de noviembre de 1966, aunque aceptó que había expedido un resguardo dando cubierta a partir del 30 de noviembre de 1966. Posteriormente Commercial instó demanda contra coparte contra Atlantic y ésta reconvencionó. También Atlantic presentó demanda de tercero trayendo al pleito a State Fire & Casualty Company y/o Home Owners Insurance Company para que le respondiera por cualquier suma que ella viniese

obligada a pagar, ya que dichas compañías aseguradoras le habían expedido una póliza cubriendo su responsabilidad por cualquier error u omisión en que pudiera incurrir en el curso de sus negociaciones como agente de seguros. [1]

El 8 de julio de 1970 la recurrida Commercial Insurance Company presentó ante el tribunal de instancia una solicitud de sentencia sumaria contra la Atlantic. Apoyó la misma con una copia del resguardo expedido por ella el 30 de noviembre de 1966, cuatro días después de ocurrida la pérdida, y además, con unas admisiones notificádasle por Padín. Aparece en dichos documentos que la única cubierta expedida por Commercial fue el resguardo de el 30 de noviembre de 1966.

El 15 de julio de 1970 Commercial presentó otra solicitud de sentencia sumaria, esta vez contra el demandante Padín, alegando al igual que en la anterior, que no había póliza de seguro al momento de ocurrir la pérdida, y en adición que solamente se comprometió con Atlantic a cotizar, como lo hizo, el costo del seguro. Unió a dicha solicitud copia del resguardo fechado 30 de noviembre de 1966, una correspondencia cursada entre Emiliano Santiago, Presidente de Atlantic y Robert E. Lincoln, Gerente del Departamento de Contingencias de la Insular Underwriters Corp. De dicha correspondencia se desprende una admisión de Santiago al efecto de que lo único que solicitó de Commercial fue una cotización para una póliza de seguro que cubría el avión de marras. También incluyó la contestación de Atlantic a un interrogatorio notificádole por Padín expresando que la teoría de su caso era al efecto de que nunca se cubrió el riesgo objeto del litigio.

◼ Padín objetó oportuna aunque no eficazmente la sentencia sumaria solicitada en su contra. No así Atlantic. Ésta, aunque solicitó prórroga para "Contestar u Oponer las Dos Solicitudes de Sentencia Sumaria", nunca contestó. Compareció, sin embargo, a la vista señalada para discutir ambas

---

[1] Esta demanda de tercero no está envuelta en el presente recurso.

mociones y argumentó su oposición. (²) La ausencia de contestación, de por sí, era suficiente para dictar sentencia sumaria contra ella, aunque no contra Padín. Regla 36.5 de Procedimiento Civil.

El tribunal de instancia dictó sentencia sumaria desestimando la demanda incoada por Padín contra la recurrida Commercial Insurance Company, objeto del recurso de revisión R-70-293 solicitado por Padín; (³) además, desestimó la reconvención incoada por Atlantic contra Commercial Insurance Company y, declaró con lugar la demanda contra co-parte de Commercial contra Atlantic Insurance Underwriters of San Juan, Inc., únicamente a los efectos de imponer a ésta $1,000 de honorarios más las costas. Esta última disposición es objeto del presente recurso de revisión solicitado por Atlantic Insurance Underwriters of San Juan, Inc.

—II—

Depuradas las múltiples y diversas alegaciones de este pleito, llegamos a la esencia íntima de la cuestión. Y ésta es que la alegada responsabilidad de Commercial Insurance Company solo puede fundarse en un hecho esencial: la expedición por Commercial de cubierta antes del 25 de noviembre de 1966, fecha de la ocurrencia de la pérdida, bien directamente a Rossi, o a Atlantic, o a Padín, o, bien a través de

---

(²) En la minuta de la vista celebrada el 4 de septiembre de 1970, aparece lo siguiente:

"Llamado este caso para la vista de la Moción de Sentencia Sumaria de fecha 8 de julio de 1970, comparecieron los abogados de las partes: Lcdo. Aldo Segurola de Diego y Lcdo. Carlos Martínez Texidor.

"El Lcdo. Segurola solicitó se permitiese al abogado de la Commercial Ins. Co., a que argumentase la presente moción y se le permitiese a él radicar memorándum en argumentación de la misma; la parte promovente de la moción la dió por sometida.

"Luego se procedió a la argumentación la Moción de Sentencia Sumaria de fecha 15 de julio de 1970.

"Las partes la dieron por sometida."

(³) En el día de hoy dictamos sentencia en dicho recurso confirmando la sentencia sumaria dictada por el tribunal de instancia.

cualquier agente de ella. De haber una genuina controversia sobre este hecho, la sentencia sumaria era improcedente y, por el contrario, de no haberla, procedía dictarla.

La Regla 36 de Procedimiento Civil establece las normas generales para formular esta determinación. En lo aquí pertinente la Regla 36.3 provee: ". . . La sentencia [sumaria] solicitada se dictará inmediatamente si las alegaciones, disposiciones y admisiones hechas junto con las declaraciones juradas, si las hubiera, demostraren que no hay controversia real y efectiva en cuanto a ningún hecho material y que como cuestión de derecho debe dictarse sentencia sumaria."

La recurrente sostiene que la sentencia sumaria sólo puede descansar en los hechos que surjan de la moción solicitándola y que se encuentren sostenidos por la evidencia o documentación que allí se señalen. Arguye que como el tribunal de instancia tomó indebidamente en consideración evidencia y documentos que no formaban parte de la solicitud de sentencia sumaria en su contra, quedaron en controversia hechos esenciales. No estamos de acuerdo.

■ La Regla 36 no contiene tales limitaciones. Tampoco debemos nosotros imponérselas, al interpretarla, porque derrotaría su propósito cardinal. Que es el de promover una solución justa, rápida y económica de la litigación, abreviando la disposición de pleitos que, por no envolver una genuina controversia de hechos, el juicio en su fondo es innecesario. *Roth* v. *Lugo*, 87 D.P.R. 386 (1963), Moore's VI *Federal Practice* pág. 2031. Usada con sabio discernimiento, la sentencia sumaria es un valioso mecanismo procesal para descongestionar los calendarios judiciales. No debemos reducir su eficacia con limitaciones que en nada contribuyen a una mejor administración de justicia pero que pueden retardarla.

■ A tono con este propósito, resolvemos que los tribunales de instancia no están constreñidos a considerar únicamente los hechos o documentos evidenciarios que se aduzcan en la solicitud de sentencia sumaria. Pueden y deben consi-

derar todos los documentos en autos, sean o no parte de la solicitud de sentencia sumaria, de los cuales surjan admisiones hechas por las partes.

Resolver lo contrario sería entorpecer el proceso de adjudicación manteniendo artificiosamente una parte en un pleito, como pretende el recurrente en el caso de autos, cuando no hay una controversia genuina sobre el hecho esencial en que se fundamenta la reclamación. En la jurisdicción federal se le ha dado una interpretación similar a la Regla 56 de la cual procede nuestra Regla 36. Véanse Moore's VI *Federal Practice*, págs. 2146, 2199 (2nd Ed.); Baron & Holtzoff III *Federal Practice and Procedure*, págs. 158, 159, 161; *United States* v. *Webber*, 396 F.2d 381; *E. H. Marhoefer, Jr., Co.* v. *Mount Sinai, Inc.*, 190 F.Supp. 355; *United States* v. *White*, 194 F.Supp. 562.

En el caso de autos la recurrida afirmó en su solicitud de sentencia sumaria que no había expedido cubierta alguna antes del 25 de noviembre de 1966, que, como hemos visto, es el hecho esencial para establecer su responsabilidad. Sostuvo esa afirmación con: 1) el resguardo expedido con fecha 30 de noviembre de 1966; 2) la contestación de la recurrente al interrogatorio notificádole por el demandante Padín de que nunca se había expedido cubierta; 3) la carta de Atlantic pidiéndole cotización a Commercial de fecha 21 de noviembre de 1966; 4) la carta de Atlantic, fechada 26 de enero de 1967, informándole a Commercial que la única gestión que había requerido de ésta era la cotización. Los documentos 3 y 4 no formaban parte de la moción de sentencia sumaria en su contra, pero si formaban parte de la moción en contra de Padín. (4)

Atlantic no adujo nada contra lo anterior que pudiera establecer una genuina controversia sobre el hecho en que se

---

(4) Forma parte, además, de los autos la deposición tomada por el demandante al Sr. Emiliano Santiago, Presidente de Atlantic, en la cual aparece que Atlantic no es agente de Commercial ni nunca la ha representado. Véase pág. 30.

funda la alegada responsabilidad de Commercial: la expedición de un resguardo. Siendo así, era de rigor declarar sin lugar la reclamación de Atlantic contra Commercial.

—III—

█ Se queja, además, la recurrente de que el tribunal de instancia le impuso $1,000 de honorarios de abogados más las costas. Como hemos visto, Commercial fue traída originalmente al pleito por Padín y no por la recurrente. La reclamación de ésta surge como consecuencia de la demanda contra co-parte instada por Commercial. En estas circunstancias no procedía la imposición de honorarios de abogados.

Es conveniente notar que la sentencia sumaria innecesariamente contiene determinaciones de hecho sobre las relaciones entre Padín y Atlantic que no fueron objeto de la moción presentada por Commercial. Nos referimos a las determinaciones números 2 y 4, las cuales deben ser adjudicadas en el juicio en los méritos entre Padín y Atlantic.

*Se dictará sentencia modificando la sentencia dictada por el tribunal de instancia a los fines de eliminar la partida de $1,000 concedido por concepto de honorarios de abogados, y así modificada, se confirmará.*

El Juez Presidente, Señor Negrón Fernández, no intervino.

