RUBÉN CONDE DEL VALLE Y SU ESPOSA CECILIA I. HERNÁNDEZ, peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. DANIEL E. LÓPEZ PRITCHARD, JUEZ, demandado; TURNER LABORATORIES, INC., e INSURANCE COMPANY OF NORTH AMERICA, interventores.

*Número:* O-73-372  *Resuelto:* 21 de febrero de 1974

*Rafael Angulo Rivera* y *Máximo R. Ruidíaz,* abogados de los peticionarios; *Jaime A. García Blanco,* abogado de los interventores.

· PER CURIAM: A una solicitud de sentencia sumaria por la parte demandante el tribunal de instancia resolvió que:

"Estando las partes listas y habiendo expresado la parte demandada tener objeción, la parte demandante informa al Tribunal que no habrá de ofrecer prueba adicional alguna, descansando exclusivamente en las alegaciones de su moción. No se ofrece en evidencia el interrogatorio a que se refiere la alegación tercera de la moción solicitando sentencia sumaria parcial, igualmente no se ofrece, ni se admite en evidencia el requerimiento de admisiones a que se refiere la alegación cuarta de dicha moción de sentencia sumaria parcial y el Tribunal, visto lo resuelto por el Honorable Tribunal Supremo en los casos de Ramos vs. Autoridad de Fuentes Fluviales, 86 DPR 603 y Bonano vs. Estarellas Pagani, 96 DPR 557, que establece que los interrogatorios no son prueba si no son ofrecidos y admitidos en evidencia, igual disposición le es aplicable al requerimiento de admisiones. No habiendo sido estos ofrecidos ni admitidos en evidencia, considera el Tribunal que su contenido no puede ser tomado en consideración al resolver la moción a que hemos hecho referencia."

Al negarse el tribunal de instancia a considerar los interrogatorios obrantes en autos, la demandante solicitó revisáramos esa determinación. A tal solicitud dictamos la siguiente resolución:

"Visto lo resuelto en *Padín* v. *Rossi,* 100 D.P.R. 259, 263–264 (1971) al efecto de que '. . . los tribunales de instancia no están constreñidos a considerar únicamente los hechos o documentos evidenciarios que se aduzcan en la solicitud de sentencia sumaria. Pueden y deben considerar todos los documentos en autos, sean o no parte de la solicitud de sentencia sumaria, de los cuales surjan admisiones hechas por las partes', se conceden diez días a la parte recurrida a partir de la notificación de esta resolución para mostrar causa por la cual no deba expedirse el auto de *certiorari* y una vez expedido dejarse sin efecto la resolución dictada por el Tribunal Superior, Sala de San Juan en el caso 71-3101—Ramón A. Rivera Rivera v. Turner Laboratories, Inc.,

negándose a considerar la solicitud de sentencia sumaria por no haber sido ofrecidos en evidencia los documentos en que ésta se funda."

Vista la comparecencia de la interventora y la orden de mostrar causa donde expresamente consignamos que expresara las razones por qué no debe dejarse sin efecto la resolución ". . . negándose a considerar la solicitud de sentencia sumaria por no haber sido ofrecidos en evidencia los documentos en que ésta se funda", visto el caso de *Padín* v. *Rossi*, 100 D.P.R. 259, 263–264 (1971) y apareciendo además que en la moción de sentencia sumaria expresamente se hace referencia a aquella parte de la contestación del interrogatorio y del Requerimiento de Admisiones que sirven de fundamento para la petición de que se dicte sentencia sumaria, *se expedirá el auto solicitado, se revocará la resolución recurrida con instrucciones al tribunal de instancia que al considerar la moción de sentencia sumaria tome en cuenta todos los documentos obrantes en autos aunque no hubiesen sido formalmente ofrecidos en evidencia.*