# 95 DTA 68

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN I

ASOCIACION DE RESIDENTES MANSIONES DE RIO PIEDRAS
Apelados

v.

ROLANDO ESTEVES
Apelante

Núm. KLC-E95-00079

San Juan, Puerto Rico, a 25 de abril de 1995

Panel integrado por su presidente, Juez señor Rossy García
y los Jueces señor Aponte Jiménez y señor Negroni Cintrón

Negroni Cintrón, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

El apelante Rolando Esteves, en adelante *"Esteves"*, recurre ante nos para que revoquemos la sentencia sumaria dictada por el Tribunal de Primera Instancia Subsección de Distrito, Sala de San Juan, que lo condenó al pago de $765.00 en cuotas para el mantenimiento del sistema de control de acceso que adeudaba y le reclamó la Asociación de Residentes, Urbanización Mansiones de Río Piedras, Inc., en adelante, *"la Asociación"*.

En el escrito que presentó, █ el apelante expone los hechos en los que se basa al señalar los errores que, a su juicio cometió el Tribunal de Instancia. En esta relación nos indica lo siguiente: La Asociación incoó una demanda en cobro de dinero contra Esteves, acogiéndose al trámite dispuesto en la Regla 60 de las de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III R. 60, toda vez que reclamaba una suma menor de $2,000.00.

Esteves admite que la demanda le fue notificada mediante correo ordinario de conformidad con el trámite dispuesto en la referida regla; que dicha notificación incluyó el señalamiento de la vista; que contestó la demanda, sin someterse a la jurisdicción del tribunal, pero que **reconvino** al amparo de lo que denomina su derecho constitucional al disfrute libre, quieto y pacífico de la propiedad; que solicitó por escrito que el caso fuera considerado como uno ordinario y que el tribunal dispuso que comparecieren a la vista pautada para auscultar la posibilidad de una transacción.

A pesar de que cuestionó la jurisdicción del Tribunal de Instancia, Esteves compareció a la vista señalada, al igual que la Asociación. Argumentó que él no había suscrito contrato alguno con la Asociación por lo que no existía una *"fuerza"*[sic] vinculante que lo obligara al pago de las cuotas reclamadas. La Asociación aceptó la inexistencia de un contrato entre ellos, pero expuso que el anterior dueño del inmueble sí se había comprometido a satisfacer las cuotas y que debido a ésto la Ley 21 del 20 de mayo de 1987 obligaba a Esteves a realizar los pagos de las cuotas que se reclamaban.

Así las cosas, el foro sentenciador le concedió a la Asociación un término de diez (10) días para que sometiera una moción de sentencia sumaria, lo que hizo.

Esteves presentó una moción de sentencia sumaria, también, y como, todavía, la Asociación no había contestado su reconvención, le solicitó al tribunal que se dictara sentencia por las alegaciones. El tribunal no accedió. Posteriormente la Asociación presentó una demanda enmendada que oportunamente Esteves contestó.

Luego de unos trámites procesales que no es necesario consignar aquí, el Tribunal de Instancia acogió la moción de sentencia sumaria presentada por la Asociación, le concedió a ésta el remedio que solicitaba y declaró no ha lugar tanto la reconvención como la solicitud de sentencia sumaria presentadas por Esteves.

En su sentencia sumaria, a la página 1, el tribunal *a quo* dictaminó lo siguiente:

*"...que no existía controversia en cuanto a que la parte demandada Rolando Esteves adquirió el título de propiedad sobre la residencia número 481 de la Calle Lirio, Urbanización Mansiones de Río Piedras mediante un contrato de compraventa celebrado el día 12 de septiembre de 1992 y que con anterioridad a esa fecha el Municipio de San Juan había autorizado a los residentes de la antes mencionada urbanización a implantar un sistema de control de acceso."*

En virtud de lo expuesto, concluyó que Esteves venía obligado a pagar la cuota de

mantenimiento que se le reclamaba, descansando en lo dispuesto por la sección 10 de la Ley Número 21 del 20 de mayo de 1987, 23 L.P.R.A. sec. 64d-3. Por estimar temeraria la posición asumida por Esteves, le impuso, además, el pago de honorarios de abogados e intereses desde el 24 de mayo de 1994.

## II

Inconforme con lo resuelto, Esteves recurre ante nos y le imputa al Tribunal de Primera Instancia la comisión de siete (7) errores█ pero sólo discute dos: █ (1) que se equivocó al haber dictado sentencia sumaria, sin cumplir con la Regla 36.1 de las de Procedimientos Civil, 32 L.P.R.A. Ap. III, y (2) que erró al no desestimar la demanda presentada debido a que la asociación no había cumplido con los requisitos de la Regla 60, *supra.*

Por los fundamentos que a continuación exponemos, procede que desestimemos el recurso incoado.

## III

De forma introductoria, estimamos necesario expresarnos sobre las deficiencias de forma y contenido que surgen del escrito presentado por Esteves, a la luz del Reglamento del Tribunal de Circuito de Apelaciones que entró en vigor el 24 de enero de 1995.

El recurso, equivocadamente denominado **Recurso de Revisión,** no indica el Circuito Regional ante el cual se apela, incumpliendo con la Regla 15(4) del Reglamento; no discute todos los errores planteados, incumpliendo con el inciso (7) de la misma Regla y no incluye en el mismo escrito de apelación la certificación sobre la notificación del escrito de la forma y manera que requiere la Regla 14.

Esteves incurrió, además, en una deficiencia que, a nuestro juicio, constituye la falta más sustancial del recurso, debido al efecto que tiene sobre nuestra labor revisora, en un caso como el presente.

La Regla 37 del Reglamento del Tribunal de Circuito de Apelaciones le impone al apelante de una sentencia dictada en un caso civil, la obligación de preparar un apéndice conjunto que deberá presentarse dentro del término de treinta (30) días, a partir de la presentación del escrito de apelación. Ese apéndice debe incluir copia de las alegaciones de las partes, así como copias de las resoluciones, órdenes, mociones o escritos que formen parte de los autos del Tribunal de Primera Instancia.

No debe ser difícil comprender la importancia de este documento. El mismo le permite a este tribunal evaluar las posiciones y reclamos de las partes utilizando como marco de referencia aquellos documentos pertinentes a los señalamientos de error que se formulan, especialmente, cuando las partes se refieren específicamente a ellos en sus escritos. La certeza y corrección de lo que se alega en cuanto a documentos o escritos puede ser fácilmente constatada, sin dejar dudas sobre éstos o recurrir a especulaciones.

En este caso y al discutir los errores, Esteves hace referencia a las mociones de sentencia sumaria, la demanda, la contestación a ésta y a su reconvención. Es de esperarse que estos documentos fueran considerados por el Tribunal de Instancia al momento de determinar si la controversia era suceptible de ser resuelta sumariamente y al adjudicar los méritos de la misma, pues, al evaluar una moción de sentencia sumaria el tribunal debe considerar no sólo los documentos que se adjuntan a las mociones, sino aquellos que obren en el expediente del caso. *Corp. Presiding Bishop CJC of LDS v. Purcell,* 117 D.P.R. 714 (1986); *Conde Del Valle v. Tribunal Superior,* 102 D.P.R. 18 (1974); *Padín v. Rossi,* 100 D.P.R. 259 (1971).

Privados de la oportunidad de examinar los documentos y escritos en el expediente que

tuvo ante sí el Tribunal de Instancia, nuestro análisis de los dos errores discutidos por el apelante está limitado por esas circunstancias. Téngase presente que al evaluar la corrección de sentencias dictadas sumariamente, este Tribunal se encuentra en la misma posición que el tribunal apelado, *Padín v. Rossi, supra.*

Bajo esta óptica, al Esteves omitir el apéndice descrito incidió sustancialmente en el perfeccionamiento de su recurso lo que justificaría, por sí sólo, la desestimación del mismo. Reglas 15 y 31 de las del Tribunal de Circuito de Apelaciones. Recuérdese que todo abogado que comparezca ante un foro apelativo debe estar adecuadamente familiarizado con su reglamento. *In Re: Vélez Valentín,* 114 D.P.R. 403, 409 (1989)■

No obstante lo anterior y aunque el recurso no se desestimara por las razones expuestas, los errores discutidos por Esteves carecen de méritos para justificar la revocación de la sentencia recurrida. Este los argumenta conjuntamente, pero de forma escueta y confusa.

En primer término, expresa que la sentencia sumaria no procede debido a que (1) no fue emplazado según el trámite que establece la Regla 4 de las de Procedimiento Civil; (2) porque la Regla 36.1 requiere que antes de utilizarse el trámite de la sentencia sumaria, la Asociación tenía que emplazar al demandado y (3) porque existía controversia sobre la suma reclamada.

En cuanto a la utilización del procedimiento sencillo establecido en la Regla 60, *supra,* nos dice que como el propósito de esta regla fue el de simplificar el cobro de dinero de contratos de apercería o de préstamos, la deuda que se pretenda reclamar acogiéndose al trámite sencillo tiene que tener las siguientes características: (1) la deuda de dinero debe estar vencida, ser líquida y exigible; (2) la suma reclamada no puede estar en controversia y (3) el demandado *"no [puede tener]una reclamación sustancial al efecto de dicha reclamación...".* Concluye, sin decirlo expresamente, que una reclamación que no tenga estas características tiene que ser tramitada *"bajo el procedimiento ordinario..."* y que la reclamación que se le formulaba merecía ese trato. Esteves no ofreció una sola autoridad para respaldar esta tesis.

Por estimar que resulta mas lógico hacerlo así discutiremos los errores antes indicados en otro orden.

## IV

La Regla 60 de las de Procedimiento Civil, *supra,* al presente dispone lo siguiente:

*"Cuando se presentare un pleito en cobro de una suma que no exceda de los dos mil (2,000) dólares exclusive de los intereses, y cuando no se solicite específicamente en la demanda tramitar el caso bajo el procedimiento ordinario prescrito por estas reglas, el secretario inmediatamente notificará al demandado por correo o cualquier otro medio de comunicación por escrito.*

*Si el demandado residiere fuera de Puerto Rico, se hará su citación por edicto de acuerdo a la Regla 4.5.*

*La notificación especificará la naturaleza de la reclamación y la fecha señalada para la vista. Dicha vista se celebrará en la fecha más próxima posible, pero nunca antes de quince (15) días de la notificación al demandado. El tribunal entenderá en todas las cuestiones litigiosas en el acto de la vista y dictará sentencia inmediatamente. Si el demandado no compareciere, el tribunal, al determinar que fue debidamente notificado y que se le debe alguna suma al demandante, dictará sentencia. Si se demostrare al tribunal que el demandado tiene alguna reclamación sustancial, o en el interés de la justicia, el tribunal podrá ordenar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito*

*por estas reglas."*

Por su origen y siguiendo el pensamiento moderno, esta regla persigue simplificar los procedimientos en causas de menor cuantía y, principalmente, facilitarle al litigante pobre el acceso al proceso judicial . Véase *Pérez Colón v. Cooperativa de Cafeteros,* 103 D.P.R. 555, 559 (1975).

Como se puede observar, nada en esta regla limita o condiciona la utilización del mecanismo procesal que crea, a aquellas reclamaciones que surjan del incumplimiento de préstamos, contratos u obligaciones similares. Tampoco exige que la suma reclamada tenga que ser una que haya sido previamente reconocida por el demandado o sobre la cual no exista controversia o una que esté vencida, sea líquida y exigible al momento de presentarse la demanda, **como requisito indispensable** para poder acogerse al trámite especial de la Regla 60, *supra.*

En todo caso, el que la deuda no estuviese vencida y, por ello, no fuese exigible, suele ser una defensa oponible a la reclamación de dinero *per se* y adecuada para cuestionar la existencia de la causa de acción. No constituye una propia para cuando se disputa la competencia del tribunal para considerar la acción.

Por otro lado, aunque es correcto que la propia regla permite que, de justificarse ello, el tribunal puede ordenar que los procedimientos continúen tramitándose del modo ordinario, difícilmente puede sostenerse la tesis de que para que tal cambio ocurra es requisito indispensable que exista una controversia sobre la suma reclamada. La razón es simple. Las reclamaciones de dinero usualmente vienen precedida por una controversia sobre la cuantía adeudada o sobre el derecho a reclamarla. Si se saca del ámbito del trámite sencillo de la Regla 60, *supra,* una reclamación por el sólo hecho de que exista una controversia en torno a la reclamación, el efecto práctico sería que ninguna reclamación menor de dos mil dólares podría ventilarse considerando el procedimiento sencillo dispuesto por esta regla; todas tendrían que dilucidarse siguiendo el trámite ordinario.

No podemos acoger ese planteamiento. Esa interpretación, sin lugar a dudas, produce un resultado absurdo y totalmente contrario al propósito de la regla y la intención del legislador, *Pérez Colon v. Cooperativa de Cafeteros, supra,* y practimante dejaría la Regla 60, *supra,* inoperante. El que exista una controversia, *per se,* sobre la suma reclamada no es el factor determinante para que el tribunal decida como deberá tramitarse la reclamación. Más bien, la complejidad y la naturaleza de la reclamación deben ser los factores a considerarse para decidir cuál curso procesal debe dársele al litigio.

Ahora bien, independientemente de lo anterior, Esteves admite que hizo uso de esta opción al ser notificado y citado para la vista. A base de la información que nos ofrece, no albergamos duda alguna de que el tribunal de instancia accedió a ello. Sus actuaciones así lo demuestran. De no haber sido así, ¿a qué responde el que la Asociación tratara de citar a Esteves a una deposición? o ¿porqué el tribunal promovió la utilización del recurso de la sentencia sumaria y finalmente adjudicó la controversia mediante este método? No resulta difícil aceptar que tanto el descubrimiento de prueba mediante el uso de deposiciones como la sentencia sumaria son recursos procesales propios del procesamiento civil ordinario y no del prescrito en la Regla 60, *supra.* Por ello concluimos que este error no sólo no se cometió, sino que resulta ser uno frívolo▪

Sin desarrollar la idea, Esteves critica el método de notificación que autoriza la Regla 60, *supra.* Su expresión en el sentido de que éste método *"no contiene las salvaguardas procesales y rigurosas del emplazamiento ordinario",* **Solicitud de Revisión,** pág. 9, se desvanece cuando admite que efectivamente recibió por correo la notificación y citación a la

vista que expidió el tribunal y ello le permitió contestar la demanda y reconvenir. Este es el medio de notificación autorizado por la regla de referencia. Constituye un método alterno de notificación menos costoso que el emplazamiento requerido por la Regla 4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, y mas rápido que éste. Responde al diseño, propósito y mandato legislativo plasmado en la Regla 60, *supra.*

Si Esteves recibió la citación y fue notificado tanto de la reclamación que se formulaba en su contra como de la fecha del señalamiento, de nada debe quejarse. Con su admisión comprueba que el propósito legislativo se cumplió y que no se le causó perjuicio alguno debido al método de notificación que se utilizó en su caso, o por el hecho de que no fuera emplazado de acuerdo al trámite dispuesto en la Regla 4, *supra.*

El escrito inicial de Esteves sugiere que no se sometió a la jurisdicción del foro al contestar la demanda, descansando en lo anterior. De haber sido así, no tenemos duda alguna que no le asiste la razón. Si hubiera ocurrido alguna desviación defectuosa en el proceso de notificación, cosa que rechazamos, esta desapareció en el momento que Esteves optó por reconvenir en el mismo pleito, como admitió en su escrito.

Un demandado no puede desconocer la jurisdicción de un foro en cuanto a la reclamación formulada en su contra y luego someterse a esa misma autoridad para formular la suya contra el que lo demandó inicialmente. No es posible que una parte niegue que existe jurisdicción sobre su persona, pero por otro lado intente beneficiarse del mismo foro, presentando una reconvención, véase Cf. *Sterzinger v. Hon. Angel D. Ramírez,* 116 D.P.R. 762, 789 (1985).

Ciertamente, nada en la Regla 60, *supra,* requiere o puede interpretarse como que exige que, si luego de presentarse la demanda y notificada la parte demandada el tribunal opta por permitir que la controversia continúe tramitándose según el procedimiento ordinario, el demandante tiene que iniciar el procedimiento nuevamente, comenzando con el emplazamiento al demandado, como si no le hubiese notificado nunca.

Esteves tampoco apoya este argumento con autoridad alguna y su interpretación del estatuto en cuestión es inaceptable para este tribunal. Una interpretación como la propuesta atenta contra el claro propósito legislativo y el resultado que la regla persigue. *Díaz Marín v. Municipio de San Juan,* 117 D.P.R. 334 (1986).

Cuando el Tribunal de Instancia permitió que la reclamación de la Asociación se continuara tramitando del modo ordinario, ya el apelante estaba debidamente apercibido de la naturaleza de la reclamación en su contra y había presentado sus defensas, por lo que era innecesario que se le notificara nuevamente mediante su emplazamiento.

En el análisis final, Esteves realmente no justifica o explica de modo alguno, que características particulares tenía la controversia en este caso que no la hacían susceptible de ventilarse y de ser adjudicada dentro del procedimiento especial establecido por la citada regla o qué fue lo que no le permitió defenderse adecuadamente, si alguna razón existe.

Por el contrario lo que resalta a simple vista es que se trató de una sencilla reclamación de dinero que, aunque la demanda original equivocadamente informaba que la obligación emanaba de una relación contractual, posteriormente fué enmendada para indicar la fuente de la obligación de Esteves, la que fue acogida como correcta por el Tribunal de Instancia.

Ese foro no se equivoçó al así actuar pues actuó según el texto y el alcance de la disposición legal y sustantiva que gobierna los hechos de este caso.

## V

La ley Número 21 del 20 de mayo de 1987, según enmendada, 23 L.P.R.A. secc. 64 *et seq.*, es clara y no admite otra interpretación que no sea lo que literalmente dispone su artículo 8, 23 L.P.R.A. secc.64d(3)y cuando la ley es clara y libre de toda ambiguedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu. Artículo 14 Código Civil, 31 L.P.R.A., Sección 14. *Meléndez v. Tribunal Superior,* 90 D.P.R. 656(1964).

La referida sección dispone lo siguiente:

*"(a) El consejo, Junta o Asociación de Residentes está facultada para imponer una cuota para cubrir los costos y gastos de instalación, operación y mantenimiento del sistema de control de acceso, incluyendo los salarios o jornales del personal contratado. Asimismo, está facultada para cobrar dicha cuota y reclamar la deuda a un propietario por este concepto por la vía judicial.*

*La obligación de pago recaerá en los siguientes propietarios:*

*(1).....*

*(2).....*

*(3) Todo propietario adquiriente de una finca, ubicada en una urbanización, calle o comunidad que ha sido autorizada por el municipio correspondiente para controlar el acceso o que, a la fecha de la compraventa, se encontraba en trámite de obtener el consentimiento de tres cuartas (3/4) partes de los propietarios y así conste en actas. 22 L.P.R.A. sec. 64d-3."*

Como se aprecia diáfanamente de lo citado, esta sección le impone al propietario que adquiera un inmueble en una urbanización, en el que ya existe un sistema de control de acceso debidamente aprobado por el municipio correspondiente, al momento en que el propietario adquiere el inmueble, la obligación de satisfacerle a la asociación o junta de residentes las cuotas aprobadas debidamente.

En tales circunstancias es sumamente obvio que el que exista o no una relación contractual directa entre el propietario y la asociación no tiene importancia alguna, pues la obligación del propietario de satisfacer las cuotas determinadas no emana de convenio alguno, en este caso. Esa es la voluntad legislativa.

Precisamente por esa razón, en el pleito entre la Asociación y Esteves no tiene pertinencia alguna si entre ellos no medió contrato alguno. Lo determinante era si Esteves era un propietario que adquirió un inmueble en una urbanización que ya el municipio correspondiente le había aprobado un sistema de control de acceso, luego de cumplir con los demás requisitos de la sección citada.

El Tribunal de Instancia concluyó que Esteves pertenecía a esta clase de propietarios, determinación fáctica a la que le concedemos la deferencia que merece, en ausencia de indicio de parcialidad, prejuicio o manifiesto error, *Rivera Pérez v. Cruz Corchado,* 119 D.P.R. 8 (1987). Debido a ello el Tribunal de Instancia no erró al imponerle a Esteves la obligación de satisfacer las cuotas que se le reclamaron, máxime cuando en momento alguno Esteves controvirtió ese extremo o el cómputo de la deuda que realizó el tribunal.

Lo resuelto por el Tribunal Supremo de Puerto Rico en el caso de *Jose R. Caquías Mendoza v. Asociación de Residentes de Mansiones de Río Piedras,* ___ D.P.R. ___ (1993), **93 JTS 127,** no apoya la posición de Esteves de que puede oponerse al pago de las cuotas de

mantenimiento. En el caso, el Tribunal Supremo le reconoció a aquellos residentes que siempre se opusieron al establecimiento de un sistema de control de acceso en una urbanización, el derecho de no tener que pagar cuotas de mantenimiento y de no formar parte de la Asociación de Residentes. Por sus propios términos esta decisión no le aplica a los propietarios que, como Esteves, adquieren el inmueble una vez se ha implantado el sistema de control de acceso.

Esta situación la reglamentó el legislador mediante la Ley Número 21, *supra*.

## VI

En cuanto a la procedencia de la sentencia sumaria es obvio que el Tribunal de Instancia quedó convencido de la inexistencia de controversia sobre todos los hechos materiales, *Tello Rivera v. Eastern Airlines,* 119 D.P.R. 83 (1987), y que como cuestión de derecho debía dictarse sentencia sumaria a favor de la Asociación, pues nada lo impedía. 32 L.P.R.A. Ap. III R.36.3, *Roig Commercial Bank v. Rosario Cirino,* ___ D.P.R. ___ (1990), **90 JTS 106**, Op. y Sent. de 29 de junio de 1990. A resultado contrario no podemos llegar, pues Esteves no nos ha colocado en condición de evaluar si efectivamente del expediente ante el Tribunal de Instancia surgía alguna controversia en torno a hechos materiales que debieron derrotar las pretensiones de la Asociación e impedir que se adjudicara sumariamente la controversia en el caso.

Finalmente, consideramos el señalamiento del apelante en torno a la procedencia de la sentencia sumaria. Esteves propone que como la Regla 36.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, autoriza que la parte demandante pueda presentar un moción de sentencia sumaria,*"...en cualquier momento después de haber transcurrido veinte (20) días a partir de la fecha en que se emplazare al demandado,..."* en este caso era necesario que se le emplazara, según el trámite establecido en la Regla 4, *supra*.

Tampoco tiene razón. Este argumento descansa en el vocablo *"emplazare"* utilizado en la referida regla y no considera, como indicamos previamente, que si el tribunal opta porque un pleito que comenzó según el trámite de la Regla 60 continúe tramitándose del modo ordinario, la notificación y citación inicial sustituye el emplazamiento ordinario de la Regla 4, *supra*.

En tal caso el emplazamiento a que se refiere la Regla 36.1, *supra*, ya no es necesario, pues queda sustituido por la notificación y citación autorizada por la Regla 60, *supra*. Resolver lo contrario, avalaría la proposición del apelante que hemos rechazado basándonos en que derrotaría el propósito y diseño legislativo.

## VII

En armonía con todo lo anteriormente expuesto se desestima el recurso instado y se confirma la sentencia sumaria recurrida.

Así lo pronunció y manda el Tribunal y lo certifica la

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 68

**1.** El recurrente denomina equivocadamente su escrito como una Solicitud de Revisión, cuando lo correcto es que el recurso se denomine Apelación de conformidad con lo dispuesto en la Regla 14 del Reglamento del Tribunal de Circuito de Apelaciones.

**2.** Esta constituye nuestra única fuente de referencia, ya que el apelante solamente acompañó como apéndice una copia de la sentencia de la que recurre.

**3.** *"1. Al no desestimar la demanda porque no cumplía con los términos de la Regla 60 de Procedimiento Civil.*

*2. Al permitir "que se siguiera con la demanda"[sic] y no haber cumplido con la Regla 4 de Procedimiento Civil.*

*3. Al no darle protección a Esteves de acuerdo a la Regla 23.2 de Procedimiento Civil y obligarlo a que se sometiera a una toma de deposición.*

*4. Al permitir que la asociación hostigara a Esteves.*

*5. Al "no admitir todos los planteamientos que en derecho sometió Esteves", en menoscabo de su derecho al disfrute de su propiedad.*

*6.. Al dictar sentencia sumaria que no cumple con la Regla 36.1 de Procedimiento Civil.*

*7. Al no considerar que el dictar sentencia sumaria era incompatible con la justicia y no procedía en derecho."*

**4.** La Regla 16 de las del Tribunal de Circuito de Apelaciones dispone que no se considerará ningún señalamiento de error que no se discuta en el escrito de apelación.

**5.** Este tribunal se hace eco de lo manifestado por nuestro Tribunal Supremo en *Matos v. Metropolitan,* 104 D.P.R. 122 (1975) en cuanto a que los abogados vienen obligados a cumplir fielmente con el trámite prescrito en las leyes y reglamentos para el perfeccionamiento de los recursos instados ante nos. De ahí que este Tribunal requiera el más estricto y celoso cumplimiento de las disposiciones del Reglamento del Tribunal de Circuito de Apelaciones.

**6.** Resulta poco serio formular este señalamiento y al mismo tiempo quejarse de que el tribunal actuó mal al no paralizar la toma de la deposición de Esteves. Es evidente que si se reclama el derecho a que el pleito se tramite del modo ordinario, uno de los efectos principales es que se permite la utilización de los métodos de descubrimiento de prueba disponibles.