# 2003 DTA 129

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL I DE SAN JUAN
PANEL II**

LUGO AUTO SALES, INC.
Demandante-Apelado

v.

JUDITH RIVERA CORTES
Demandada-Apelante

Núm. KLAN-02-00958

San Juan, Puerto Rico, a 31 de julio de 2003

Panel integrado por su Presidenta, la Juez Rodríguez de Oronoz,
y las Juezas Peñagarícano Soler y Bajandas Vélez

Rodríguez de Oronoz, Jueza Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

La Sra. Judith Rivera Cortes comparece ante este Tribunal, mediante recurso de apelación, solicitando la revisión de una sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan. En dicha sentencia se declara con lugar una demanda de cobro de dinero presentada por Lugo Auto Sales, Inc.

Examinados en su totalidad los autos del caso y el derecho aplicable, resolvemos revocar la sentencia recurrida.

**I**

El 30 de noviembre de 2000, Lugo Auto Sales, Inc. *("Lugo Auto")*, localizado en Hormigueros, Puerto Rico, presentó una demanda en cobro de dinero, al amparo de la Regla 60 de Procedimiento Civil, contra la Sra. Judith Rivera Cortes *("Sra. Rivera")*, alegando que esta última le adeudaba la cantidad de $1,389.96 por concepto de servicios de mecánica. Adujo, además, que la Sra. Rivera había expedido un cheque por la suma adeudada, pero que luego paralizó el cobro del mismo y se había negado a pagar lo adeudado.

El 5 de diciembre de 2000, el tribunal de instancia le notificó a la Sra. Rivera sobre una vista de Regla 60

pautada para el 19 de enero de 2001. Esta compareció a dicha vista sin representación legal y el tribunal le concedió término para contratar un representante legal.

El 7 de marzo de 2001, la Sra. Rivera presentó su contestación a la demanda e interpuso una reconvención. Alegó en dicha reconvención que en septiembre de 1999 había convenido verbalmente con Lugo Auto la reparación de un vehículo de su propiedad, consistente en cambio del bumper trasero que estaba chocado y cambio de aceite y filtro del motor, por la suma de $1,200.00. Adujo que al momento que le comunicaron que el vehículo había sido reparado, no le fue posible recogerlo porque iba a ser intervenida quirúrgicamente. Un mes después de notificada que el vehículo había sido reparado, Lugo Auto entregó el vehículo en San Juan a un representante de la Sra. Rivera, quien le entregó al representante de Lugo Auto un cheque de la Sra. Rivera por la cantidad de $1,389.96, cantidad que alegadamente cubría el cambio del bumper trasero, cambio de aceite y filtro y cambio de batería.

La Sra. Rivera arguyó que al inspeccionar el vehículo al otro día de entregado se percató que la reparación había sido defectuosa, pues en lugar de reemplazar el bumper trasero según acordado, el mismo había sido reparado. No estando satisfecha con el arreglo del vehículo, la Sra. Rivera procedió a paralizar el pago del cheque ("*stop payment*") y a comunicarse con Lugo Auto para que pasaran a recoger el vehículo para cambiarle el bumper trasero según acordado. En la reconvención, la Sra. Rivera reclamó daños y perjuicios por la suma de $6,000.00.

El 20 de marzo de 2001, el tribunal emitió orden aceptando la contestación a demanda y reconvención, convirtiendo el proceso en uno ordinario y pautando la conferencia con antelación al juicio para el 2 de mayo de 2001. En esa vista, las partes sometieron el informe sobre conferencia preliminar entre abogados y se señaló la vista del caso para el 18 de septiembre de 2001. La Sra. Rivera y Lugo Auto presentaron su prueba documental mediante mociones presentadas el 12 de septiembre de 2001 y el 30 de agosto de 2001 respectivamente.

La vista del caso no pudo celebrarse según pautada por haberse recibido en el tribunal aviso de artefacto explosivo. La vista, fue transferida para el 28 de enero de 2002. Esa vista tuvo que ser suspendida porque el perito de la Sra. Rivera no se presentó a pesar de haber sido citado. La vista en su fondo se transfirió para el 16 de abril de 2002. Luego, el tribunal, *motu proprio*, transfirió la misma para el 25 de junio de 2002.

El 25 de junio de 2002, la representación legal de la Sra. Rivera no compareció al tribunal.

El 22 de julio de 2002, archivada en autos y notificada a las partes el 16 de agosto de 2002, el Tribunal de Primera Instancia emitió sentencia declarando con lugar la demanda y condenando a la Sra. Rivera a satisfacer a Lugo Sales la suma de $1,389.96, más intereses desde la radicación de la demanda, gastos, costas y la suma de $300.00 por concepto de honorarios de abogado.

El 2 de agosto de 2002, se presentó moción de reconsideración en la que el representante legal de la Sra. Rivera alegó que el día de la vista, 25 de junio de 2002, tenía pautado otro señalamiento en el Tribunal de Primera Instancia, Sala de Toa Baja, al que acudió primero. Adujo que cuando llamó a la Sala 604, donde originalmente estaba pautado el caso, se le indicó que el mismo había sido trasladado a la Sala 602. Arguyó que cuando se pudo comunicar a la oficina del juez que presidió en este caso para solicitar un turno posterior, se le informó que se había desestimado la demanda. Aclaró que luego de discutir el caso con la Sra. Rivera y el perito hojalatero, se enteró que el tribunal "*había declarado Ha Lugar la presente demanda, sin haber escuchado prueba por parte de los testigos de la parte demandante-reconvencionada*". Dicha moción de reconsideración fue rechazada de plano.

Inconforme, la Sra. Rivera acude ante este Tribunal mediante escrito de apelación, acogido como *certiorari*, y señala los siguientes errores:

*"Erró el Honorable Tribunal de Instancia, Sala Superior de San Juan, al imponer como primer sanción a la parte apelante por su representante legal haber llegado tarde a la vista en su fondo del caso, el dictar sentencia a favor de la parte demandante, sin que se desfilara prueba alguna por ninguna de las partes.*

*Erró el Honorable Tribunal de Instancia, Sala Superior de San Juan, al dictar una sentencia, en la cual sólo se expresa que se declaró Ha Lugar la Demanda; sin embargo, no hace expresión alguna, en cuanto las alegaciones a la parte apelante, si se eliminaron las mismas o no, ni tampoco hace expresión sobre qué ocurrió con la Reconvención radicada por la parte demandante."*

El 29 de octubre de 2002 emitimos resolución concediéndole término a la apelada, Lugo Auto, para presentar su alegato. El 2 de diciembre de 2002 se presentó el alegato de la apelada. Con el beneficio de las comparecencias de ambas partes, pasamos a resolver la controversia en sus méritos.

## II

El procedimiento sumario bajo la Regla 60 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 60, fue analizado recientemente por el Tribunal Supremo en *Asoc. Res. Colinas Metro v. S.L.G.,* ___ D.P.R. ___ (2002), **2002 J.T.S. 17**. Allí, dicho foro aclaró que el concepto procesal de la Regla 60 de Procedimiento Civil tuvo su origen en las cortes especializadas en reclamaciones pequeñas, que comenzaron en Massachusetts y California, y existen actualmente en los distintos sistemas judiciales estatales de Estados Unidos. Su propósito original era simplificar los procedimientos en causas de menor cuantía para así facilitar el acceso al proceso judicial del litigante pobre. *Pérez Colón v. Cooperativa de Cafeteros,* 103 D.P.R. 555, 558-559 (1975).

A tenor con la Regla 60, la comparecencia de la parte demandante a la vista es esencial para que el tribunal pueda determinar si procede dictar sentencia a su favor. Una vez celebrada la vista, si el demandado no tiene una defensa sustancial, no puede refutar la prueba presentada por el demandante, o no demuestra que la acción es contraria al interés de la justicia, el tribunal dictará sentencia inmediatamente a favor del demandante. *Asoc. Res. Colinas Metro v. S.L.G., supra,* a la pág. 665.

Para simplificar los procedimientos, en el procedimiento sumario de la Regla 60 se prescinde de la contestación a la demanda y del descubrimiento de prueba. Además, éste no contempla la presentación de alegaciones tales como la reconvención y demanda contra terceros, entre otras. En cuanto a los dictámenes en rebeldía, éstos han quedado atemperados a la naturaleza de la Regla 60. Así pues, para que un tribunal pueda dictar sentencia en rebeldía, tiene que no sólo cerciorarse que el demandado fue debidamente notificado y citado, sino también asegurarse, a base de la prueba aportada por el demandante, que éste tiene una reclamación en cobro de dinero contra el demandado que es líquida y exigible. En otras palabras, no puede descansar simplemente en las alegaciones, aunque éstas contengan hechos específicos y detallados sobre el particular. *Asoc. Res. Colinas Metro v. S.L.G., supra,* a la pág. 666.

En esto difiere sustancialmente de la sentencia en rebeldía dictada al amparo de los procedimientos ordinarios, donde se dan por admitidos los hechos bien alegados en la demanda, obviando así la necesidad de presentar prueba sobre éstos. *Continental Ins. Co. v. Isleta Marina,* 106 D.P.R. 809, 815-816 (1978); *Rivera v. Insular Wire Products Corp.,* 140 D.P.R. 912, 931 (1996); *Audiovisual Lang. v. Sist. Est. Natal Hnos.,* 144 D.P.R. 563, 577 (1997). De ahí surge que en el procedimiento bajo la Regla 60 sea indispensable la comparecencia del demandante a la vista en su fondo. Así pues, se balancean los intereses del demandante y el demandado, haciendo menos rigurosa la notificación-citación al demandado, al mismo tiempo que exige del demandante prueba de las alegaciones para que éste pueda obtener una sentencia en rebeldía. *Asoc. Res. Colinas Metro v. S.L.G., supra.* Véase, además, *A.C.A.A. v. Travelers Ins. Co.,* 104 D.P.R. 844, 846-847 (1976).

Otro aspecto importante de este procedimiento sumario es que el demandado no está atado a continuar con el procedimiento bajo la Regla 60 si le demuestra al tribunal que *"tiene alguna reclamación sustancial, o [que]*

*en el interés de la justicia*" amerita que el caso se vea por la vía ordinaria. Así pues, aunque el caso inicialmente se haya comenzado a tramitar bajo el procedimiento sumario de la Regla 60, en etapas posteriores podrá seguirse bajo el procedimiento ordinario si el tribunal así lo determina, ya sea porque el derecho de cobro no surge claro, se necesita hacer descubrimiento de prueba, se tiene una reconvención compulsoria o se necesita añadir un tercer demandado, entre otras cosas. ■ Cuando ocurre esta conversión, el Juez debe, luego de notificarle a las partes, seguir el curso ordinario. *Asoc. Res. Colinas Metro v. S.L.G., supra.*

Por otro lado, el Tribunal Supremo ha resuelto que al interpretar las Reglas de Procedimiento Civil hay que tener presente, como principio rector, que éstas no tienen vida propia y sólo existen para viabilizar la consecución del derecho sustantivo de las partes. Con el fin de resolver justicieramente los reclamos de las partes, el tribunal deberá hacer un balance equitativo entre los intereses en conflicto ejerciendo especial cuidado al interpretar las reglas procesales para que éstas garanticen una solución justa, rápida y económica de la controversia. *Mun. de Arecibo v. Almac. Yakima,* \_\_\_ D.P.R. \_\_\_ (2001), **2001 J.T.S. 82**.

Cónsono con lo anterior, en *Maldonado v. Srio. de Recursos Naturales*, 113 D.P.R. 494, 498 (1982), el Tribunal Supremo explicó como los tribunales deben responder gradualmente ante el incumplimiento de las personas que se someten a su jurisdicción:

*"Planteada ante un tribunal una situación que, de acuerdo con la ley y la jurisprudencia aplicables, amerita una imposición de sanciones, éste debe, en primer término, imponer las mismas al abogado de la parte. Si dicha acción disciplinaria no produce frutos positivos, procederá la imposición de la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones, tan sólo después que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que puede tener el que la misma no sea corregida. La experiencia señala que en la gran mayoría de los casos que presentan esta clase de dificultades -el presente caso es un ejemplo de ello-, las partes no están enteradas de las actuaciones negligentes de sus abogados y, al advenir en conocimiento de ello, la situación es corregida de inmediato. Una parte que haya sido informada y apercibida de esta clase de situación y no tome acción correctiva, nunca se podrá querellar, ante ningún foro, de que se le despojó injustificadamente de su causa de acción y/o defensas."*

Véanse además, *Mun. de Arecibo v. Almac. Yakima, supra; Lluch v. España Service Sta.*, 117 D.P.R. 729 (1986).

Posteriormente, en *Amaro González v. First Fed. Savs.*, 132 D.P.R. 1042, 1052 (1993), el Tribunal Supremo indicó que subsiste en nuestro ordenamiento procesal civil la imposición de sanciones severas en aquellos casos en que no hay duda de la contumacia de la parte contra quien se toman dichas medidas. Sin embargo, y en armonía con lo antes expresado, la tendencia ha sido la de imponer sanciones económicas, en primera instancia, contra aquella parte que observe una conducta censurable bajo las Reglas de Procedimiento Civil. *Id.* La imposición de sanciones de tipo económico ha sido utilizada en el pasado por los tribunales, con efectividad, para agilizar el descubrimiento de prueba. *Ramos Carrillo v. Tribunal Superior*, 102 D.P.R. 756 (1974); *Girard Industries v. Tribunal Superior*, 103 D.P.R. 680 (1975). Por ello, en nuestra política judicial, se prefiere la dilucidación de los casos en su fondo, con el ánimo de hallar la verdad y hacer debida justicia. *Rivera et al. v. Superior Pkg., Inc. et al.*, 132 D.P.R. 115 (1992); *Mercado v. Panther's Military Soc. Inc.*, 125 D.P.R. 98 (1990); *Echevarría Jiménez v. Sucn. Pérez Meri*, 123 D.P.R. 664 (1989). También es política judicial imperante la de que los casos se resuelvan en los méritos. *Amaro González v. First Fed. Savs., supra.*

Se colige de la jurisprudencia citada que la resolución de un pleito sin contar con la comparecencia del demandado o sus alegaciones constituye una sanción sumamente drástica que debe sólo tomarse en última instancia. Ello debe aplicarse una vez la imposición de sanciones puramente económicas a la parte o a su abogado han resultado inefectivas.

De igual forma, se ha resuelto que en casos en los que se ha anotado la rebeldía como sanción por incomparecencia, constituye un claro abuso de discreción el no reabrir el caso una vez se ha solicitado cuando existe la posibilidad de que la parte demandada cuente con una buena defensa. En *J.R.T. v. Missy Mfg. Corp.,* 99 D.P.R. 805 (1971), se dijo: *"Como regla general, una buena defensa debe siempre inclinar la balanza a favor de una vista en los méritos, a menos que las circunstancias del caso sean de tal naturaleza que revelen un ánimo contumaz o temerario por parte del querellado". Id.*, pág. 811.

## III

Discutiremos los errores en conjunto por encontrarse los mismos íntimamente relacionados.

La Sra. Rivera alega que el Tribunal de Primera Instancia aplicó como primera sanción el declarar con lugar la demanda de Lugo Auto sin que las partes hubieran desfilado prueba alguna. Arguye que la sanción impuesta por el tribunal de instancia es demasiado drástica e irrazonable, pues tiene el efecto de privarla de su día en corte. Argumenta, además, que el tribunal nada dispuso sobre la reconvención presentada por ella, por lo que entiende que la misma está pendiente de resolver, pues ella no ha desistido voluntariamente de lo alegado en la reconvención.

La sentencia dictada en este caso, que aparenta ser un proyecto de sentencia de la parte demandante, resolvió la controversia como si se tratara de un caso bajo el procedimiento sumario de la Regla 60, en lugar de lo que verdaderamente era, es decir, un cobro de dinero por la vía ordinaria. Un examen del expediente de este caso revela que el tribunal de instancia no se percató que desde el 20 de marzo de 2001 otro juez que intervino en el caso había emitido orden convirtiendo el proceso de Regla 60 en uno ordinario. Ello así porque la Sra. Rivera tenía una reconvención compulsoria que no podía ser atendida mediante el procedimiento sumario de la Regla 60.

Además, para todos los efectos, el tribunal dictó sentencia en rebeldía, lo cual no procedía bajo un cobro de dinero por la vía ordinaria ni bajo el procedimiento sumario de la Regla 60. Veamos.

La Regla 45.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 45.1, permite anotar la rebeldía a una parte en un pleito cuando ésta *"haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas"*. El remedio también aplica cuando una de las partes en el pleito ha incumplido con algún mandato del tribunal, lo que motiva a éste a imponerle la rebeldía como sanción. *Alamo v. Sup. Grande, Inc.*, ___ D.P.R. ___ (2002), **2002 J.T.S. 124**.

Por otro lado, la Regla 45.2(b) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 45.2, le permite a un tribunal emitir una sentencia en rebeldía por la incomparecencia del demandado. Su propósito es no conferir ventaja a los demandantes o querellantes para obtener una sentencia, sino estimular la tramitación adecuada de los casos. *Román Cruz v. Díaz Rifas*, 113 D.P.R. 500, 507 (1987). Ahora bien, para que un tribunal pueda dictar sentencia en rebeldía le es necesario comprobar la veracidad de cualquier alegación, o hacer una investigación sobre cualquier otro asunto, o deberá celebrar las vistas que estime necesarias y adecuadas. *Hernández v. Espinosa*, 145 D.P.R. 248, 272 (1998). Véase además, *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 D.P.R. 563 (1997). Además, debemos recordar que a una parte demandada que ha comparecido previamente le cobija el derecho a conocer del señalamiento, asistir a la vista, contrainterrogar los testigos de la parte contraria, impugnar la cuantía de los daños y apelar la sentencia. *Continental Ins. Co. v. Isleta Marina, supra*. Asimismo, la Regla 43.6 de Procedimiento Civil, *supra*, dispone que, no empece la celebración de una vista en rebeldía, una sentencia en rebeldía no será de naturaleza distinta ni podrá conceder más remedios que los que se hayan solicitado en la demanda. *Alamo v. Sup. Grande, Inc., supra*.

En este caso, no procedía que se le anotara la rebeldía a la Sra. Rivera porque el día de la vista su representante legal se ausentó, especialmente cuando ella sí estuvo presente. El abogado alega que no fue su

intención ausentarse de la vista y que hizo gestiones para que se le asignara un turno posterior, pero que esas gestiones no dieron fruto por haberse trasladado el caso de la sala original a otra sala. Cuando finalmente se comunicó con la oficina del juez que presidió en este caso, se le informó que ya el mismo había sido resuelto.

Al adjudicar la controversia ante sí, el tribunal no tomó en consideración que la parte, es decir, la Sra. Rivera estuvo presente, que quien se ausentó fue su abogado y que contra éste lo único que procedía era imponerle una sanción monetaria. Si bien es cierto que la Regla 45.2(b) de Procedimiento Civil, *supra*, le permite a un tribunal emitir una sentencia en rebeldía por la incomparecencia del demandado, no es menos cierto que no es su propósito el conferir ventaja a los demandantes o querellantes para obtener una sentencia. El propósito de la misma es estimular la tramitación adecuada de los casos. Véase, *Román Cruz v. Díaz Rifas*, *supra*. Por ello, es necesario que el tribunal compruebe la veracidad de cualquier alegación, o que haga una investigación sobre cualquier otro asunto o que celebre las vistas que estime necesarias y adecuadas antes de poder dictar una sentencia en rebeldía. Véase, *Alamo v. Sup. Grande, Inc., supra; Hernández v. Espinosa, supra; Audiovisual Lang. v. Sist. Est. Natal Hnos., supra*. Contrario a lo dispuesto en la jurisprudencia citada, en este caso, el tribunal resolvió el pleito sin contar con el testimonio de la Sra. Rivera, a pesar de que ésta compareció a la vista, y sin que se le permitiera contrainterrogar los testigos de la parte contraria o impugnar la cuantía de los daños, lo que constituye una sanción sumamente drástica que debe sólo tomarse en última instancia.

Por otro lado, aun suponiendo que en este caso aplicaba el procedimiento sumario de la Regla 60, tampoco procedía que se dictara una sentencia en rebeldía.

Como mencionáramos, bajo el procedimiento sumario de la Regla 60, el tribunal puede dictar sentencia en rebeldía luego de cerciorarse que el demandado fue debidamente notificado y citado y que, **a base de la prueba aportada por el demandante**, éste tiene una reclamación en cobro de dinero contra el demandado que es líquida y exigible. Es decir, que el tribunal no puede descansar simplemente en las alegaciones de la demanda aunque las mismas contengan hechos específicos y detallados sobre el particular. Véase, *Asoc. Res. Colinas Metro v. S.L.G., supra*.

En este caso no se dieron los requisitos de la Regla 60 que permiten al tribunal dictar sentencia en rebeldía. El tribunal adjudicó la controversia basado en la prueba documental que obraba en el expediente, es decir, sin oír las partes. Así lo confirma el apelado en su alegato al afirmar que *"[e]l tribunal manifestó que tratándose de un caso bajo la Regla 60 y por la prueba documental que obraba en el expediente, las estipulaciones anteriores y el Informe de Conferencia con Antelación la Juicio, dictaría sentencia a favor de la parte demandante apelada"*. Alegato del apelado, pág. 3.

Cumpliendo con el proceso esbozado en *Maldonado v. Srio Recursos Naturales, supra*, y reiterado en *Mun. de Arecibo v. Almac. Yakima, supra*, el Tribunal de Primera Instancia debió imponer, en primera instancia, sanciones de tipo económico, y de ello resultar infructuoso, apercibir a la parte demandada del incumplimiento de su representación legal con los señalamientos de vista pautados por el tribunal, y las consecuencias que ello conlleva, antes de recurrir a la resolución del pleito en su contra sin contar con su comparecencia o sus alegaciones. Al considerar los hechos de este caso dentro de este contexto normativo, no podemos validar la determinación del Tribunal de Primera Instancia.

## IV

Por los fundamentos antes expuestos, se revoca la sentencia dictada. Se devuelve el caso al Tribunal de Primera Instancia, Sala Superior de San Juan, para la continuación de los procedimientos de forma compatible con lo aquí resuelto. El tribunal podrá imponer al abogado de la parte demandada-peticionaria cualquier sanción que estime procedente y deberá celebrar una vista en los méritos en la que ambas partes desfilen prueba sobre sus respectivas alegaciones y reclamaciones.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIO 2003 DTA 129**

**1.** La Regla 60 también provee para que un juez pueda dilucidar un caso presentado por la vía ordinaria bajo la Regla 60, si el caso cumple con todos los requisitos y en la demanda no se especifica que se quiere que el mismo se tramite por la vía ordinaria. Esta situación requiere que el juez le notifique a las partes que el caso se tramitará bajo la Regla 60.