JUAN PÉREZ COLÓN, hoy FEDERICO HERNÁNDEZ DENTON, ETC., demandante y recurrente, *v.* COOPERATIVA DE CAFETEROS DE PUERTO RICO, demandada y recurrida.

*Número:* O-73-268       *Resuelto:* 14 de marzo de 1975

*Myriam Naveira de Rodón, Procuradora General,* y *Adolfo J. Vila, Procurador General Auxiliar,* abogados del recurrente; *Héctor González Blanes,* abogado de la recurrida.

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

El 12 de setiembre de 1968, luego de debida notificación y vista, a la que no compareció la recurrida, se le impuso a ésta una multa de veinticinco dólares por vender paquetes de café molido de peso menor que el rotulado, en violación de lo dispuesto en la Sec. 19 de la Ley Núm. 35 de 13 de junio de 1958, 10 L.P.R.A. sec. 154r(4). Notificada de la resolución, la recurrida no solicitó la reconsideración administrativa de la misma ni acudió al Tribunal Superior en súplica de revisión. 23 L.P.R.A. sec. 1009.

Procedió entonces la Administración de Estabilización Económica a demandar a la recurrida ante el Tribunal de Distrito en cobro de dinero conforme al procedimiento especial que fija la Regla 60 de las de Procedimiento Civil para reclamaciones de cien dólares o menos. Luego de diversos incidentes, se declaró con lugar la demanda, lo cual revocó el Tribunal Superior.

Las cuestiones que plantea el recurso son esencialmente tres. Debemos determinar en primer término si la demandante recurrente tiene facultad para imponer multas administrativas; segundo, si la ley le confiere poder para incoar acciones civiles en su cobro, de ser dichas multas válidas; y, por último, si cabe la utilización en este caso del procedimiento establecido por la Regla 60.

El fallo del Tribunal Superior se emitió antes de nuestra decisión en *Hernández Denton* v. *Quiñones Desdier,* 102 D.P.R. 218 (1974). En *Quiñones Desdier* resolvimos que la Administración de Servicios al Consumidor, hoy Departa-

mento de Asuntos del Consumidor y sucesores ambos de la Administración de Estabilización Económica, disfrutaba, así como sus sustitutos gozan, de facultad bajo la legislación vigente para adjudicar querellas entre constructores y adquirentes de viviendas defectuosas. Determinamos allí que tal delegación de poder no adolece de vicios constitucionales y expresamente nos referimos a la antigua práctica de autorizar legislativamente la imposición de multas por organismos administrativos como fuente del poder más amplio de imponer sanciones administrativas dentro de determinados límites. La validez de esta práctica está sólidamente establecida. 1 Davis, *Administrative Law Treatise*, sec. 2.13, pág. 138 (1958); *United States* v. *Grimand*, 220 U.S. 506 (1911); Gellhorn, W., *Administrative prescription and imposition of penalties*, 1970 Wash U. L.Q. 265.

■ Respecto a la primera cuestión envuelta lo que debe precisarse, por tanto, es solamente si la Asamblea Legislativa le ha conferido debidamente a la agencia concernida la facultad de imponer multas. No está involucrado en este caso el ejercicio de poderes adjudicativos de orden tan extremo que, como apuntamos en *Quiñones Desdier*, puedan trascender el ámbito de la función administrativa.

La Ley de Pesas y Medidas en vigor al tiempo de cometerse la infracción específicamente facultaba al Administrador de Estabilización Económica "para imponer y cobrar multas administrativas; Disponiéndose, que cada multa administrativa no excederá de $100.00. . . ." Ley Núm. 35 de 13 de junio de 1958, Art. 21; 10 L.P.R.A. sec 154s. La ley vigente, la Núm. 145 de 27 de junio de 1968, Art. 26, 23 L.P.R.A. sec. 926, le confiere igual poder al Administrador, excepto que la multa puede alcanzar a $500.00 en casos de no reincidentes, como el de autos. Véase también el Art. 2 (c) de la Ley Núm. 228 de 12 de mayo de 1942, según enmendada, 23 L.P.R.A. sec. 733 (c).

Consideremos ahora si la parte recurrente puede incoar

acciones civiles en cobro de las multas que imponga. Aun en ausencia de estatuto se hace difícil imputarle a la Asamblea Legislativa el *brutum fulmen* de autorizar la imposición de multas administrativas y negarle a su vez a la agencia concernida la oportunidad de cobrarlas a través de los tribunales. Adviértase, no obstante, que la citada disposición de los Arts. 21 y 26 de la Ley de Pesas y Medidas expresa que la recurrente tiene poder "para imponer *y cobrar* multas administrativas." (Bastardillas nuestras.) 10 L.P.R.A. sec. 154s y 23 L.P.R.A. sec. 926. No existe fundamento válido en contra de que "cobrar" significa dentro de este contexto la utilización de todos los remedios legales que estén al alcance del organismo administrativo La ley creadora de la Administración de Servicios al Consumidor recalca esta interpretación al disponer en su Art. 5(b), 23 L.P.R.A. sec. 1005(b), que la Administración podrá "Interponer cualesquiera remedios legales que fueren necesarios para hacer efectivos los propósitos de esta ley y hacer que se cumplan las reglas, reglamentos, órdenes y determinaciones de la Administración."

■ Queda, por último, examinar la accesibilidad a la recurrente del procedimiento que fija la Regla 60. La Regla 60 no deriva de las federales, sino de la Ley Núm. 10 de 29 de abril de 1921, según enmendada, 32 L.P.R.A. secs. 3031–3034. Véase el Informe de 13 de octubre de 1954 del Comité Consultivo sobre las Reglas de Enjuiciamiento Civil, inédito, pág. 157. Ni se deduce de este Informe, ni hemos hallado otra documentación referente a la Regla 60, que indique que se intentó excluir a los organismos del Estado de los beneficios que concede la referida regla, aparte de que los términos del Art. 5(b) citado, 23 L.P.R.A. sec. 1005(b), sobre los poderes de la Administración son suficientemente latos para exigir igual conclusión.

Nuestra ley de 1921 fue de las primeras en aprobarse en nuestra parte del mundo para simplificar los procedimientos en causas de menor cuantía o, en ciertos casos, crear un tribu-

nal para dichos efectos. La primera de alcance estatal fue la de Massachusetts en 1920. La de California, de donde se calcaba usualmente nuestro procedimiento, se aprobó en el propio 1921. Comment, *Courts: Jurisdiction of Small-Claims Courts*, 11 Calif. L. Rev. 276, 277 (1923). Estos tribunales o procedimientos se crearon principalmente para facilitarle el acceso al proceso judicial al litigante pobre. *Loc. cit.* Su radio de acción se amplió rápidamente por los tribunales, sin embargo, y su constitucionalidad se ha sostenido, *Prudential Ins. Co.* v. *Small Claims Courts*, 173 P.2d 38 (Cal. 1946). Los organismos del estado han tenido acceso tradicional a estos tribunales y procedimientos, así como las agencias de cobro y otros intereses mercantiles, factor este último que especialmente ha provocado en la actualidad considerable crítica a este género de tribunales en Estados Unidos. Moulton, B.A., *The Persecution and Intimidation of the Low-Income Litigant as Performed by the Small Claims Court in California*, 21 Stan. L. Rev. 1657 (1969); Note, *Small Claims Courts as Collection Agencies*, 4 Stan. L. Rev. 237, 238–242 (1951).

No consideramos que exista base en el contexto de este caso para fallar que se privó a la recurrida, que estuvo asistida de abogado, de su derecho al debido proceso de ley. La recurrida pudo haber obtenido la revisión directa de la decisión administrativa bajo la oportunidad que le provee nuestra legislación y conducir su caso bajo otros procedimientos. Optó por no hacerlo. Con ello dejó libre a la recurrente, al convertirse en firme la decisión administrativa, para acudir, en facilitación del trámite de cobro, a la Regla 60. La Regla 60 dispone que "Si se demostrare al tribunal que el demandado tiene alguna reclamación sustancial, o en el interés de la justicia, el tribunal podrá ordenar que el pleito se continúe tramitando bajo el procedimiento prescrito por estas reglas.", característica que la distingue de la legislación típica en este campo. No se desprende de los autos que exista tal reclamación sustancial en este pleito ni tal interés de justicia que justifique negarle a

la agencia recurrente el modo más expedito para hacer cumplir sus órdenes, particularmente cuando se les desacata en forma tan abierta.

*Se revocará la sentencia dictada por el Tribunal Superior y se confirmará la emitida por el Tribunal de Distrito.*

El Juez Asociado, Señor Angel M. Martín, no participó.