# 96 DTA 95

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE PONCE Y AIBONITO
## PANEL I

JOSE A. ALICEA RIVERA EN SU CARACTER COMO SECRETARIO DEL DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR (HECTOR BONILLA CINTRON)
Demandante-Apelado

v.

ISMAEL VEGA BURGOS
Demandado-Apelante

Núm. KLAN-96-00191

San Juan, Puerto Rico, a 19 de abril de 1996

Panel integrado por su presidente, Juez Sánchez Martínez,
y los Jueces Córdova Arone y Segarra Olivero

Sánchez Martínez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El 16 de agosto de 1994, el Departamento de Asuntos del Consumidor le ordenó a Ismael Vega Burgos, un contratista de obras, devolverle al consumidor Héctor Bonilla Cintrón la cantidad de $1,800 que éste le había pagado por la construcción de un piso y varias columnas que era necesario destruir por haber sido defectuosamente construidas. El contratista querellado solicitó a tiempo la reconsideración de dicho dictamen a base de que él no había participado en la vista administrativa porque llegó quince minutos tarde. Adujo que una empleada del Departamento le había informado que la vista había sido suspendida y que sería citado posteriormente. También señaló las razones que, a su

juicio, existían para que se denegara en los méritos el remedio solicitado en la querella.

DACO rechazó de plano la moción y le apercibió de su derecho a solicitar la revisión de la decisión administrativa en el plazo de treinta días ante el entonces Tribunal Superior. ■ El contratista Vega Burgos se cruzó de brazos y la decisión administrativa devino firme y ejecutable.

Más de un año después, DACO instó una acción civil ante el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Juana Díaz, para hacer cumplir su orden. Habiendo sido citado, el contratista Vega Burgos compareció a plantear nuevamente lo mismo que había aducido en su moción de reconsideración: que él no había participado en la vista administrativa ante DACO porque llegó quince minutos tarde. El tribunal de primera instancia (Hon. Ricardo R. Negrón Rodríguez, J.), rechazó el planteamiento a base de que la orden de 16 de agosto de 1994 emitida por DACO era final y firme. El contratista Vega Burgos acudió ante nos mediante recurso de *certiorari* que hemos acogido como apelación ■ y por los fundamentos que en adelante se exponen, confirmamos la sentencia recurrida.

La querella de un consumidor ante DACO, tiene dos etapas. La primera es la adjudicación de los hechos que la originaron y, de establecerse el derecho a un remedio, la concesión del remedio en sí. Art. 15 de su ley orgánica, Ley Núm. 5 de 23 de abril de 1973, 3 L.P.R.A. sec. 341n. En esta primera etapa la parte adversamente afectada por la decisión administrativa --sea querellante o querellado-- puede acudir a los tribunales de justicia mediante un proceso de revisión judicial conforme a los términos y requisitos dispuestos en las Secs. 4.1 a 4.7 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. secs. 2171-2177. El Tribunal Supremo ha resuelto que este es el remedio exclusivo que tiene un querellado para plantear sus puntos de vista en torno a la controversia adjudicada por el foro administrativo. *Rodríguez v. Tribunal Superior,* 104 D.P.R. 335, 343 (1975). Una vez transcurre el plazo para solicitar la revisión judicial de la orden administrativa sin que se hubiese instado el correspondiente recurso de revisión, la decisión del foro administrativo adquiere el carácter de la cosa juzgada. *Id.*

Tan pronto la decisión administrativa que sea adversa al querellado adviene firme, entonces se pasa a la segunda fase del procedimiento administrativo: la de ejecutar la decisión de la agencia. En esta segunda fase DACO le solicita al tribunal de primera instancia que haga cumplir su orden de conformidad con lo dispuesto en el Art. 6 de su ley orgánica, 3 L.P.R.A. sec. 341(e), bien sea mediante el mecanismo de embargo de bienes o bien mediante el desacato, según fuere el caso. *Díaz Aponte v. Comunidad San José, Inc.,* ___ D.P.R. ___ (1992), **92 J.T.S. 81.** También puede valerse del

mecanismo ordinario de una acción en cobro de dinero. *Pérez Colón v. Cooperativa de Cafeteros,* 103 D.P.R. 555 (1975). Se trata de la facultad de DACO para solicitar el auxilio de los tribunales para poner en vigor sus órdenes y reivindicar de este modo los derechos de los consumidores de conformidad con lo establecido en la ley orgánica del Departamento. *Díaz Aponte v. Comunidad San José Inc., supra.*

Esta segunda etapa del procedimiento, no es un mecanismo alterno de revisión judicial de la orden administrativa en cuestión. *Rodríguez v. Tribunal Superior, supra.* En un procedimiento para poner en vigor una orden de DACO el querellado no puede atacar colateralmente la orden administrativa por aquellos fundamentos que debieron haberse planteado dentro del procedimiento ordinario de revisión judicial y que no estén relacionados con la nulidad del dictamen por falta de jurisdicción sobre la persona del querellado, *DACO v. Alturas de Florida Dev. Corp.,* ___ D.P.R. ___ (1993), **93 J.T.S. 33,** a la pág. 10478, por falta de jurisdicción sobre la materia de la querella, por la ilicitud del remedio mismo, *Díaz Aponte v. Comunidad San José. Inc., supra,* o por cualquier otra causa de nulidad radical.

En el caso ante nos, la razón del ataque colateral es que se dictó la orden administrativa en rebeldía porque el querellado llegó quince minutos tarde a la vista. No se alega que DACO no tenía jurisdicción sobre la persona del querellado o que no tenía jurisdicción sobre la materia objeto de la orden que dictó. Somos conscientes de que es posible que el querellado, de haber recurrido oportunamente al tribunal para revisar la decisión administrativa en cuestión, hubiese hallado remedio a su asistencia con retraso a la vista administrativa. Sin embargo, se cruzó de brazos rehusando de ese modo valerse del mecanismo de revisión judicial y permitiendo así que la orden administrativa se convirtiese en firme y ejecutoria. Debe ahora cumplirla o sujetarse a las resultas del proceso judicial.

Con estos antecedentes, se confirma la sentencia apelada.

Lo acordó el Tribunal y lo certifica la señora Secretaria General.

Sonia Pacheco Román
Secretaria General

**ESCOLIOS 96 DTA 95**

**1.** Para la fecha en que se emitió la orden administrativa en controversia, la Sec. 4.2 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2172, establecía que cualquier parte adversamente afectada por una orden o decisión final de una agencia, que hubiera agotado todos los remedios provistos por la agencia, podía presentar una solicitud de revisión ante el entonces Tribunal Superior, hoy Tribunal de Primera Instancia, dentro del referido plazo de 30 días. A partir del 1ro. de mayo de 1996, el recurso de revisión se presentará ante el Tribunal de Circuito de Apelaciones. Ley Núm. 247 de 25 de diciembre de 1995.

**2.** No estamos, como veremos, ante un recurso de revisión de una orden administrativa sino ante una solicitud de DACO al tribunal *a quo* para hacer cumplir una orden emitida por dicha agencia. Por consiguiente, a los fines del Art. 4.002, inciso (a), de la Ley de la Judicatura de 1994, Ley de 28 de julio de 1994, 4 L.P.R.A. sec. ___, este caso debe ser considerado como un caso *"originado"* en el Tribunal de Primera Instancia, no en una agencia administrativa. El recurso apropiado es, pues, el de apelación y no el de *certiorari.*