

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ramón Ortiz Matías, et al.<br>        Recurridos<br><br><br>        v.<br><br><br>Mora Developmet Corp., et al.<br>        Peticionarios | Certiorari<br><br>2013 TSPR 7<br><br>187 DPR ____ |

Número del Caso: CC-2011-803


Fecha: 24 de enero de 2013


Tribunal de Apelaciones:

          Región Judicial de San Juan

Abogado de la Parte Peticionaria:

          Lcdo. Juan Carlos Garay Massey

Abogado de la Parte Recurrida:

          Lcdo. Armando Jiménez Laureano



Materia: Derecho Administrativo – Procedimiento judicial para hacer cumplir una orden o resolución de una agencia administrativa.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ramón Ortiz Matías, *et al.*

    Recurridos

    v.                           CC-2011-0803     *Certiorari*

Mora Development Corp., *et al.*

    Peticionarios

Opinión del Tribunal emitida por el Juez Presidente señor HERNÁNDEZ DENTON

En San Juan, Puerto Rico, a 24 de enero de 2013.

Este recurso nos brinda la oportunidad de expresarnos sobre el procedimiento a seguir para hacer cumplir una orden o resolución del Departamento de Asuntos del Consumidor (DACo). En específico, debemos determinar (1) si la parte beneficiada por una resolución del DACo puede acudir directamente al Tribunal de Primera Instancia mediante demanda para solicitar la puesta en vigor de la resolución y, de contestar en la afirmativa, (2) qué remedios procesales tiene disponible para hacer que se cumpla la resolución del DACo. Por los fundamentos expuestos a continuación, contestamos la interrogante en la afirmativa y pautamos el

alcance de los remedios disponibles. Así pues, confirmamos la denegatoria de expedir el auto de *certiorari* emitida por el Tribunal de Apelaciones.

                                    I.

En abril de 2003, el Sr. Ramón Ortiz Matías y la Sra. Ivette Figueroa Figueroa adquirieron de Mora Development Corp. (Mora) una vivienda en Carolina, Puerto Rico. Dos años más tarde, presentaron una querella ante el DACo contra Mora, Builders Unlimited, Inc. (Builders) y United Surety & Indemnity por vicios de construcción. En la misma, solicitaron que se corrigieran una serie de defectos en la residencia. A raíz de la querella, el 9 de mayo de 2005, personal del DACo llevó a cabo una inspección de la residencia y rindió un Informe de Inspección (Informe) en el que se detallaron varios de los defectos alegados en la querella que no habían sido corregidos hasta el momento. El Informe no fue impugnado por ninguna de las partes.

Así las cosas, el 25 de agosto de 2006, notificada el 6 de septiembre de 2006, el DACo emitió una resolución en la cual responsabilizó solidariamente a las partes querelladas. Ordenó a que, dentro de 60 días, instalaran unos topes de cerámica en la cocina, enchaparan las paredes de los baños y corrigieran los demás defectos reclamados por los querellantes. En la misma, se les apercibió que de no cumplir con lo ordenado, el DACo podría imponer una multa

administrativa de hasta diez mil dólares ($10,000) y tomar la acción legal correspondiente para su cobro. Señalaba además, que el pago de dicha multa no les relevaba del cumplimiento con lo ordenado y que el DACo solicitaría el auxilio de los tribunales para hacer cumplir la resolución. Finalmente, se les advirtió del derecho a solicitar reconsideración y revisión judicial.

En vista de lo anterior, Mora y Builders presentaron un escrito de revisión ante el Tribunal de Apelaciones. Dicho foro, mediante sentencia dictada el 25 de abril de 2007, confirmó la resolución dictada por el DACo. Oportunamente, acudieron ante nos mediante petición de *certiorari*; la misma fue declarada no ha lugar.

Luego de advenir final y firme la resolución del DACo, la parte querellante suscribió una carta a los querellados solicitando información sobre cómo cumplirían la orden del DACo. Producto de esto, Builders se reunió con los querellantes el 6 de junio de 2008 pero no pudieron llegar a un acuerdo. En cartas posteriores, Builders les expresó su intención de cumplir solamente con aquello que le correspondía como constructora de la residencia. Esto, a pesar de que la orden de DACo establecía que Builders y Mora eran responsables solidariamente por los defectos. Por otra parte, está en controversia las gestiones, si alguna, que

hizo Mora para corregir los defectos y cumplir con la orden del DACo.

El 24 de abril de 2009, el señor Ortiz Matías, la señora Figueroa Figueroa y la sociedad legal de gananciales compuesta por ambos, presentaron una demanda ante el Tribunal de Primera Instancia en contra de Mora y Builders solicitando la ejecución de la resolución del DACo. Para esto, requirieron el pago de $48,000 por los defectos, según lo cotizado por un contratista independiente, más $15,000 por concepto de mudanza por dos semanas en lo que se corrigen los defectos.

La parte demandada presentó una Moción de Desestimación en la que argumentó que la parte demandante se había negado en varias ocasiones a que se le corrigieran los defectos en su residencia. Adujeron también que la demanda buscaba relitigar asuntos adjudicados por el DACo, por lo que procedía la aplicación de la doctrina de cosa juzgada e impedimento colateral por sentencia, pues según ellos, la parte demandante debió haber traído a la atención del DACo la forma en que se debían corregir los defectos. Por último, adujeron que lo que procedía era que el DACo compareciera al tribunal mediante una Petición para Hacer Cumplir Orden y no los querellantes mediante una demanda de ejecución. El foro primario dictó una resolución mediante la cual denegó la Moción de Desestimación y ordenó la designación de un perito

del DACo para que lo orientara sobre la mejor manera de corregir los defectos. La parte demandada solicitó reconsideración; la misma fue declarada no ha lugar.

Inconforme, la parte demandada presentó un recurso de *certiorari* ante el Tribunal de Apelaciones. El foro intermedio denegó la expedición del recurso mediante resolución notificada el 7 de septiembre de 2011. Aun inconforme, acudieron oportunamente ante nos, reiteraron sus argumentos y solicitaron que revoquemos la resolución del Tribunal de Primera Instancia declarando no ha lugar la Moción de Desestimación y que desestimemos la demanda de epígrafe.

El 23 de enero de 2012 expedimos el recurso de *certiorari*. Luego de transcurrido el término reglamentario para que la parte recurrida presentara su alegato, le concedimos un término final de diez días para que compareciera. Esta no lo hizo, por lo que el caso quedó sometido sin el beneficio de su comparecencia.

II.

A. Moción de Desestimación

La Regla 10.2 de las de Procedimiento Civil permite a la parte demandada solicitar que se desestime la demanda presentada en su contra cuando la parte demandante deja de exponer una reclamación que justifique la concesión de un remedio. 32 L.P.R.A. Ap. V, R.10.2. Ante una moción de

desestimación, los tribunales deben dar por ciertas y buenas todas las alegaciones bien hechas en la demanda que hayan sido aseveradas de manera clara. Asociación Fotoperiodistas v. Rivera Schatz, 180 D.P.R. 920, 935 (2011); Torres, Torres v. Torres et al., 179 D.P.R. 481, 501 (2010); Roldán Rosario v. Lutrón, S.M., Inc., 151 D.P.R. 883, 891 (2000). Así pues, las alegaciones de la demanda se deben interpretar conjuntamente, liberalmente y de la manera más favorable para la parte demandante. Asociación Fotoperiodistas v. Rivera Schatz, supra. En fin, para que proceda una moción de desestimación, en esta se tiene que demostrar de forma certera que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pudiese probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor. Pressure Vessels P.R. v. Empire Gas, P.R., 137 D.P.R. 497, 505 (1994).

B. Doctrina de cosa juzgada

El Art. 1204 del Código Civil codifica la doctrina de cosa juzgada. El referido artículo dispone, en lo pertinente, lo siguiente:

> Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron. 31 L.P.R.A sec. 3343.

Esta doctrina persigue ponerle fin a los litigios luego de haber sido adjudicados de forma definitiva por los tribunales y, de este modo, garantizar la certidumbre y la seguridad de los derechos declarados mediante una resolución judicial para evitar gastos adicionales al Estado y a los litigantes. Presidential Financial Corp. of Florida v. Transcaribe Freight Corp., 2012 T.S.P.R. 122, 186 D.P.R. __ (2012); S.L.G. Szendrey-Ramos v. Consejo Titulares, 184 D.P.R. 133, 153-157 (2011); Worldwide Food Dis., Inc. v. Colón et al., 133 D.P.R. 827, 833-834 (1993).

Al aplicar la doctrina de cosa juzgada, se busca que se finalicen los pleitos y no someter a los ciudadanos a las molestias de tener que litigar dos veces una misma causa. Fonseca et al. v. Hosp. HIMA, 184 D.P.R. 281 (2012); P.R. Wire Prod. v. C. Crespo & Assoc., 175 D.P.R. 139 (2008). No obstante, su aplicación no procede de forma inflexible y automática si hacerlo derrotara los fines de la justicia o consideraciones de orden público. Fonseca et al. v. Hosp. HIMA, supra. Para que se configure la presunción de cosa juzgada, debe concurrir la más perfecta identidad de causas, cosas, partes y la calidad en que lo fueron. Worldwide Food Dis., Inc. v. Colón et al., supra.

C. Procedimiento de ejecución de órdenes administrativas

Es norma reiterada que las agencias administrativas carecen del poder coercitivo que ostentan los tribunales para

exigir el cumplimiento de órdenes y resoluciones. Díaz Aponte v. Comunidad San Jose, Inc., 130 D.P.R. 782, 795 (1992). Por tal razón, la ley habilitadora de DACo, Ley Núm. 5 de 23 de abril de 1973, 3 L.P.R.A. sec. 341 *et seq.* ("Ley Núm. 5"), le reconoce el derecho de acudir a los tribunales para poner en vigor sus decisiones. Así pues, el Secretario del DACo puede: "[i]nterponer cualesquiera remedios legales que fueran necesarios para hacer efectivos los propósitos de este capítulo y hacer que se cumplan las reglas, reglamentos, órdenes, resoluciones y determinaciones del Departamento". 3 L.P.R.A. sec. 341(e)(i).

De igual forma, la Ley Núm. 5 establece que: "[e]l Secretario [del DACo] podrá recurrir al Tribunal de Primera Instancia en solicitud de que se ponga en vigor cualquier orden de cesar y desistir por él emitida o cualquier orden correctiva. El incumplimiento de una orden judicial declarando con lugar tal solicitud constituirá desacato al tribunal". 3 L.P.R.A sec. 341(l)(e). Por otro lado, este Tribunal ha reconocido que, al igual que el Secretario del DACo, la Junta de Directores de un edificio sometido al régimen de propiedad horizontal puede radicar en los tribunales una petición para compeler el cumplimiento de una orden o resolución emitida por la agencia administrativa. Junta Dir. Cond. Montebello v. Fernández, 136 D.P.R. 223, 231-232 (1994).

Este procedimiento de ejecución de orden no debe ser confundido con el procedimiento de revisión judicial. Industria Cortinera, Inc. v. P.R. Telephone Co., 132 D.P.R. 654, 664 (1993). Durante la revisión judicial, el tribunal revisa la determinación de la agencia administrativa mientras que en la ejecución de orden, este implanta la determinación administrativa una vez adviene final y firme, sin pasar juicio sobre su corrección. Industria Cortinera, Inc. v. P.R. Telephone Co., *supra*.

Esto responde a que una querella administrativa consiste de dos (2) etapas. En la primera, el trámite ante la agencia se rige por las secciones sobre procedimientos adjudicativos de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. secs. 2151-2170 ("L.P.A.U.") y por la ley orgánica de la agencia. Durante esta etapa se investiga la querella, se determinan los hechos que la originaron y, de haber una controversia adjudicable, se concede el remedio que en derecho proceda. La parte afectada por la decisión administrativa entonces puede acudir al Tribunal de Apelaciones en revisión judicial de acuerdo con los términos y requisitos dispuestos en la L.P.A.U., 3 L.P.R.A. secs. 2171-2177 y en la ley habilitadora de la agencia. Una vez concluido el proceso de revisión judicial, la decisión del ente administrativo adviene final y firme.

Es entonces que comienza la segunda etapa del procedimiento: la ejecución de la determinación administrativa. En este proceso, la agencia administrativa o la parte favorecida por la decisión administrativa solicita al tribunal que ponga en vigor la resolución u orden. El foro primario tiene disponible todos los mecanismos de ejecución de sentencia que proveen las Reglas de Procedimiento Civil, el desacato y la acción en cobro de dinero para hacer cumplir las determinaciones. Díaz Aponte v. Comunidad San José, *supra*, págs. 811-812; Pérez Colón v. Cooperativa de Cafeteros, 103 D.P.R. 555, 557-560 (1975). Es decir, los tribunales están facultados para poner en vigor y ordenar la ejecución por la vía procesal ordinaria de una resolución u orden de una agencia administrativa, así como para conceder cualquier otro remedio que estime pertinente ante el incumplimiento de sus órdenes. Díaz Aponte v. Comunidad San José, Inc., *supra,* págs. 811-812. A pesar de esta facultad de los tribunales, el proceso de ejecución de una orden o resolución administrativa no debe convertirse en un ataque colateral a la decisión, ni en un método alterno de revisión judicial.

## III.

Conforme a la normativa antes expuesta, procedemos a resolver. Según examinado, una demanda no debe ser desestimada a menos que se desprenda que el demandante no

tiene derecho a remedio alguno, independientemente de los hechos que puedan ser probados en apoyo a su reclamación. En el caso de autos, la parte peticionaria sostuvo en su Moción de Desestimación que los recurridos no podían acudir al Tribunal de Primera Instancia, que era el DACo quien debía acudir al foro primario mediante una Petición para Hacer Cumplir Orden. Adujeron además, que aplica la doctrina de cosa juzgada toda vez que la controversia de cómo corregir los defectos de construcción está íntimamente relacionada con la controversia sobre la existencia de los mismos, de manera que debió haber sido presentada y litigada ante el foro administrativo.

Esta posición resulta inmeritoria. Por un lado, tanto el DACo como la parte querellante podían acudir al foro judicial por haber llegado a su fin el trámite administrativo por virtud de la resolución que advino final y firme. La facultad del Secretario del DACo para recurrir a los tribunales para solicitar la puesta en vigor de cualquier orden o resolución administrativa es una potestativa, no exclusiva, por lo que no limita el derecho de la parte beneficiada por una determinación administrativa de hacer lo mismo. Junta Dir. Cond. Montebello v. Fernández, *supra*, en la pág. 231. Así pues, el foro de primera instancia tenía jurisdicción para atender la demanda de ejecución presentada.

Por otro lado, una simple lectura de la demanda demuestra que la parte querellante no busca relitigar asuntos ya adjudicados, por el contrario, solicita el auxilio del tribunal para poner en vigor la resolución. El proceso de revisión judicial que le asiste a las partes culminó de manera favorable para la parte recurrida por lo que la determinación administrativa en donde se le impuso responsabilidad solidaria a los co-demandados es una final y firme. La demanda no presenta una nueva reclamación contra los peticionarios ni busca atacar colateralmente la resolución del DACo. Se trata pues, de un procedimiento análogo al de ejecución de sentencia.

En vista de lo anterior, resta poner en vigor el mandato administrativo a través del foro judicial. Para esto, según examinado, el foro de primera instancia posee una amplia jurisdicción que le permite implantar cualquier remedio que estime pertinente ante el incumplimiento por Mora y Builders de la resolución emitida por el DACo. Díaz Aponte v. Comunidad San José, Inc., *supra*, en las págs. 811-812. Hoy resolvemos que esa potestad no se limita a las órdenes del DACo en controversias al amparo de la Ley de Propiedad Horizontal, 31 L.P.R.A. secs. 1291 *et seq*. Esto es lógico ante la jurisdicción general que posee el Tribunal de Primera Instancia. Por tal razón, el Tribunal de Apelaciones concluyó acertadamente que la determinación tomada por el Tribunal de

Primera Instancia de denegar la Moción de Desestimación y continuar con los procedimientos no ameritaba su intervención.

En vista de ello y por los fundamentos que anteceden, se confirma la Resolución del Tribunal de Apelaciones.

Se dictará sentencia de conformidad.


Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ramón Ortiz Matías, *et al.*

    Recurridos

      v.                CC-2011-0803     *Certiorari*

Mora Development Corp., *et al.*

    Peticionarios

SENTENCIA

En San Juan, Puerto Rico, a 24 de enero de 2013.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se confirma la Resolución del Tribunal de Apelaciones denegando la expedición del auto de *certiorari*.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal.

                      Aida Ileana Oquendo Graulau
                    Secretaria del Tribunal Supremo